**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-00165-REB-KMT

MIKE MARNHOUT, individually and on behalf of all others similarly situated,
SHAZI IQBAL, individually and on behalf of all others similarly situated,
JOHN WOLFE, individually and on behalf of all others similarly situated,

        Plaintiffs,

    v.

ASPENBIO PHARMA, INC.,
RICHARD G. DONNELLY,
GREGORY PUSEY,
JEFFREY G. McGONEGAL,
ROBERT CASPARI, and
MARK COLGIN,

        Defendants.

---

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

Defendants hereby respond to plaintiffs' Notice of Supplemental Authority (#48), which was filed on December 28, 2011.

I.       The Court should strike the plaintiffs' Notice of Supplemental Authority. The plaintiffs did not ask for or obtain leave to supplement their briefing with argument regarding *In re Mannkind Sec. Actions*, 11-CV-923-GAF(SSx), 2011 WL 6327089 (C.D. Cal. Dec. 16, 2011).  Nor does *Mannkind* warrant post-briefing review, as it does not reflect an intervening change in or on-point application of Tenth Circuit law.

II.      *Mannkind* is inapposite and should be ignored.  *First*, the plaintiffs' quotations of statements in *Mannkind* regarding fraud-by-hindsight are out of context. In *Mannkind*, the defendants stated that the FDA had already "bless[ed]," "vetted," "approved," "accepted," and "agreed" to a clinical study methodology.  *Id.* at *10.  Those statements were *directly contradicted* by the defendants' subsequent admission that the FDA stated that the defendants' approach was inadequate.  *Id.* at *11.  In contrast, here, the plaintiffs fail to show that any of the statements at issue were *contradicted* by any subsequent statement.  (*See* Motion (#39) at 12-22.)

*Second*, the plaintiffs' reference to a failed motion to strike an expert report attached to the complaint in *Mannkind* is irrelevant.  A motion to strike requires showing that allegations are redundant, immaterial, impertinent, or scandalous.  Fed. R. Civ. Proc. 12(f); *Mannkind*, 2011 WL 6327089, at *21.  That the expert report in *Mannkind* did not rise to that level has no bearing on this case.  Defendants have not moved to strike any allegations here.

*Third*, if anything, *Mannkind* highlights inadequacies in the plaintiffs' "expert" allegations here.  In *Mannkind*, the plaintiffs used an expert report to demonstrate the falsity of a company's statements that it had reached an agreement with the FDA regarding its study methodology.  The expert opined that, if the statements were true, the agreement would have been in writing and enforceable against the FDA.  *Id.* at *10. The court concluded that the expert's opinion was not "essential to its finding" of falsity.

But it "help[ed] establish that Defendants were misrepresenting the facts when they told investors that their studies were 'pre-approved,' 'blessed,' and so on."  And, there was "other evidence demonstrating the falsity of these statements."  *Id.* at *22.

In contrast here, the plaintiffs' purported "expert," Ms. Chew, does not analyze anything; she does not show how any statement was false when made, nor does she corroborate any evidence demonstrating falsity.  Rather, she speculates that statements about 2007 study results were fraudulent in light of results of later studies (AC ¶¶ 114-16)—even though the later studies had different samples, different protocols, and different conditions and utilized a different AppyScore product in every test.  (*See id.* ¶ 170.)  As defendants showed, Ms. Chew's offers no context, facts, theory, explanation, or backup for her speculation, *i.e.*, why she thinks what she thinks.  Her opinion can neither be scrutinized nor found reliable.  Her unsupported opinions are also undermined by her failure to address, let alone dispute, AspenBio's contemporaneous explanations for the different results achieved in the different studies: a high incidence of mild appendicitis cases at one hospital in 2008, and problems with shipping samples in 2010.  (*See id.* ¶¶ 182, 213.)

Dated:  January 11, 2012

Respectfully submitted,

By:  ____ /s/ Somnath Raj Chatterjee ____
James J. Brosnahan (CA SBN 34555)
JBrosnahan@mofo.com
Somnath Raj Chatterjee (CA SBN 177019)
SChatterjee@mofo.com
Mark R.S. Foster (CA SBN 223682)
MFoster@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendants ASPENBIO
PHARMA, INC., RICHARD G. DONNELLY,
GREGORY PUSEY, JEFFREY G.
McGONEGAL, DR. ROBERT CASPARI, and
DR. MARK COLGIN

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Phillip C. Kim | pkim@rosenlegal.com |
| James Jerome Brosnahan, Jr. | jbrosnahan@mofo.com |
| Somnath Raj Chatterjee | schatterjee@mofo.com |
| Mark Ryan Scott Foster | mfoster@mofo.com |

Dated:  January 11, 2012                /S/ MARK R.S. FOSTER
                                                          MARK R.S. FOSTER

                                                          James J. Brosnahan
                                                          Somnath Raj Chatterjee
                                                          Mark R.S. Foster
                                                          MORRISON & FOERSTER LLP
                                                          425 Market Street
                                                          San Francisco, CA 94105
                                                          Telephone:  (415) 268-7000
                                                          Facsimile:  (415) 268-7522
                                                          E-mail:  mfoster@mofo.com